

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-1996

# Livingstone v. North Belle Vernon

Precedential or Non-Precedential:

Docket 95-3252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Livingstone v. North Belle Vernon" (1996). *1996 Decisions.* Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 95-3252

_____

FRANCES E. LIVINGSTONE and
JOSEPH A. LIVINGSTONE, her husband,

Appellants

v.

NORTH BELLE VERNON BOROUGH; FAYETTE CITY BOROUGH; WASHINGTON
TOWNSHIP; FRANK E. MONACK, JR., individually and in his capacity as
officer of WASHINGTON TOWNSHIP; OFFICER RAYMOND MOODY, individually
and in his capacity as officer for FAYETTE CITY BOROUGH; OFFICER
DARHL SNYDER, individually and in his capacity as an officer for
NORTH BELLE VERNON BOROUGH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

D.C. No. 91-00059

_____

Argued January 25, 1996

Before:  COWEN and SAROKIN, Circuit Judges
and POLLAK, District Judge

_____

ORDER AMENDING SLIP OPINION

_____


It is hereby ordered that the slip opinion in the above-
entitled appeal filed July 31, 1996 be amended in accordance with
the following.

On page 9, the second full paragraph should read:


With this background history as predicate, the court
in Livingstone I then proceeded to review the elements of
proof for a showing of voluntariness, finding that the

parties seeking to enforce the release-dismissal agreement bore the burden of showing that the Livingstones' assent was "voluntary, deliberate and informed." 12 F.3d at 1211. We concluded that the defendants had not met this burden with the certainty called for on summary judgment, given that Mrs. Livingstone was confused as to the terms of the release-dismissal arrangement, that the claimed release-dismissal agreement was never written down, and that the asserted agreement -- assuming there was a meeting of the minds -- was made, if at all, during a brief and ambiguous oral colloquy. See id. at 1211-14. Accordingly, we reversed the grant of summary judgment and directed that the case be remanded for further proceedings.

On page 16, the first paragraph should read:

The Livingstones also question whether North Belle Vernon Borough and Fayette City Borough -- which we will refer to, for brevity, as "the two boroughs" -- had the same status under the release-dismissal agreement as did Washington Township. In the voluntariness proceeding in the district court, counsel for the Livingstones had requested that a specific question on the verdict form address the status of the two boroughs under the agreement. The district court declined to include such a question on the form, finding that Ceraso's statements in the colloquy before Judge Cicchetti included all three municipalities, and that all three therefore had the same status for purposes of the voluntariness question. In response to the objections of the Livingstones' counsel to this ruling, the district court permitted him to argue to the jury that the ambiguous nature of the agreement between the Livingstones and the two boroughs rendered the release-dismissal agreement involuntary as a whole. App. at 804-06.

The last paragraph on page 45 continuing on to page 46 should read:

However, we anticipate that the Pennsylvania Supreme Court would be very attentive to how the voluntariness of a release-dismissal agreement is established. Such judicial attentiveness would be called for both because of the danger that such agreements will be concluded in improper circumstances, and because Pennsylvania has a policy of declining to enforce contracts concluded under duress or threat of prosecution. See, e.g., Germantown Mfg. Co. v. Rawlinson, 491 A.2d 138, 143 (Pa. Super. 1985) (applying a rule that threats of criminal prosecution constitute duress rendering a contract voidable, and stating: "It is an affront to our judicial sensibilities that one person's ability to seek another's prosecution can be bartered and sold the same as

commodities in the market place.  It is even more
repugnant when the foul stench of oppression pervades the
transaction.").  For reasons we have already discussed,
the voluntariness of oral release-dismissal agreements is
especially likely to be problematic, and -- precisely
because such agreements are not evidenced by a writing --
determinations of the voluntariness of such agreements
are particularly likely to be unreliable.  See supra at
31-36.  Accordingly, we predict that the Pennsylvania
Supreme Court, when faced with the question, will subject
the voluntariness of oral release-dismissal agreements to
a heightened standard of proof, and we therefore conclude
that the voluntariness of the release-dismissal agreement
now before us must be demonstrated by clear and
convincing evidence.


                              BY THE COURT:


/s/ Louis H. Pollak

                                        District Judge


Dated:  August 14, 1996